In the Matter of the Application for a Compulsory Accounting of HANNAH GILL, as Executrix of ROBINSON GILL, Deceased, Respondent.

DAVID B. SICKELS, as Receiver of the HARLEM RIVER BANK, Appellant.

EXECUTORS AND ADMINISTRATORS — COMPULSORY ACCOUNTING. Where an executrix causes to be published the regular notice for claimants to present their claims against the estate of her decedent and, after the expiration of the time for presentation, pays out to various creditors the entire estate, leaving nothing in her hands for further distribution, but has never proceeded to wind up the estate by accounting and decree, it is the absolute right of an unpaid creditor who failed to present his claim until some time thereafter, under section 2726 of the Code of Civil Procedure, to institute a proceeding for an accounting. The contention that an estate can be paid out and wound up out of court and the creditors afforded no opportunity to scrutinize the proceedings on a final accounting has no foundation in law or equity.

*Matter of Gill,* 101 App. Div. 607, reversed.

(Argued November 21, 1905; decided January 9, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered

January 13, 1905, which affirmed an order of the Kings County
Surrogate's Court denying a motion by the appellant herein
for leave to intervene in a proceeding for a compulsory
accounting or in the alternative for an order requiring the
executrix herein to render and settle her account.

The facts, so far as material, are stated in the opinion.

*George M. Mackellar* for appellant. The appellant is
entitled as a matter of right to a judicial settlement of the
accounts of the executrix. (Code Civ. Pro. §§ 2726, 2727 ;
*Matter of Stevenson*, 77 Hun, 203, 207 ; *Matter of Meyer*,
98 App. Div. 7 ; Redf. on Surr. [6th ed.] §§ 933, 952 ; *Key*
v. *Kelly*, 4 Redf. 157 ; *Matter of Hutchinson*, 19 Wkly. Dig.
268 ; *Matter of Callahan*, 66 Hun, 118 ; *Close* v. *Shute*,
4 Dem. 546 ; *Harrington* v. *Libby*, 6 Daly, 259 ; *Matter of
Wagner*, 119 N. Y. 34 ; *Matter of Pruyn*, 141 N. Y. 544.)

*Edward T. Horwill* and *Albert G. McDonald* for
respondent. The executrix having duly completed the publi-
cation for claims pursuant to section 2718 of the Code, and by
May, 1898, having paid in satisfaction of lawful claims all the
personal estate, goods, chattels and credits of her testator, and
none having since come to her possession, control or knowl-
edge, and no claim on behalf of petitioner having been pre-
sented or brought to her attention or knowledge until April,
1900, the application for an accounting was properly denied.
(Code Civ. Pro. § 2718 ; *Erwin* v. *Loper*, 43 N. Y. 521 ;
*Niles* v. *Crocker*, 88 Hun, 312 ; *O'Connor* v. *Gifford*, 117
N. Y. 284 ; *Matter of Merritt*, 35 App. Div. 338 ; *Matter
of Wagner*, 119 N. Y. 28.)

BARTLETT, J. David B. Sickels, as receiver, filed his peti-
tion in the Surrogate's Court of Kings county, praying that
Hannah Gill, as executrix of the last will and testament of
her husband, Robinson Gill, deceased, should be required to
file an account of her proceedings as such executrix, and for
such other and further relief as to the court might seem just,

Prior to the death of Robinson Gill, the testator, he was a stockholder in the Harlem River Bank, which corporation became and was declared insolvent, and the petitioner was appointed receiver of its assets, things in action, etc.   Thereafter an action was brought by one Hagmeyer and others against John C. Alten and others on behalf of the said plaintiffs as creditors of the bank, and all other creditors who chose to come in to establish the statutory liability of the stockholders of the bank.   The petitioner, as receiver of the bank, was made a defendant in that action.   The action was brought against Robinson Gill and other shareholders of record of the bank before the death of the testator, and after his death was continued against Hannah Gill as his executrix, said Robinson Gill having devised and bequeathed all his property, both real and personal, to Hannah Gill, and appointed her the sole executrix of his last will and testament.

In September, 1902, a judgment was recovered in said action which provided, among other things, that the defendant stockholders pay the amount of stock held by them in the bank, and among the defendants so decreed to pay was Hannah Gill, as executrix of the last will and testament of her husband, fifteen thousand dollars.

The petitioner, Sickels, was appointed receiver in this action, and it is in that capacity as receiver and not as receiver of the bank that he files his petition in this proceeding.   The said judgment against Hannah Gill, as executrix, remains wholly unpaid.   It appears that letters testamentary were issued to Hannah Gill on the 13th of September, 1897, and in her answer to the petition herein she avers that on or about October 5th, 1897, she caused the regular notice for claimants to present their claims against the estate of her husband, and that such advertisement expired and was completed in April, 1898; that all the personal estate, goods, chattels and credits of said Robinson Gill, deceased, were by her paid out to various creditors by the month of May, 1898, and no personal estate, goods, chattels or credits of the said deceased have since come to her possession, and that the

entire estate has been distributed, and there was nothing left
in her hands applicable to the payment of any claims.  She
further avers that she was not substituted as a defendant in
the action against the stockholders until April, 1900; that the
claim which is asserted in this proceeding against the personal
estate of Robinson Gill was never presented to, nor asserted
against her, as executrix, until April, 1900.

In July, 1903, one Eleanor Lauby, as executrix of Marie
Allen, a creditor of Robinson Gill, obtained from the Surro-
gate's Court of Kings county a citation directing Hannah Gill
to render an account of her proceedings as executrix of the
estate of her husband.  Such account was rendered and
Eleanor Lauby filed objections thereto.  In November, 1903,
a hearing and trial thereof was had in the Surrogate's Court.
In December, 1903, a decision was rendered therein and find-
ings were made as follows: " That the assets actually received
by the executrix for the benefit of this estate in personalty
amounts to $8,818.58 and the total liabilities $45,208.02,
making a *pro rata* share of each creditor nineteen and one-
half per cent."  In the account thus rendered the executrix
included the judgment of Sickels as receiver, etc., of fifteen
thousand dollars; admitted that he was a creditor to that
amount, and that the judgment was and is a liability of the
estate; and in arriving at his decision that the *pro rata* share
of each creditor was nineteen and one-half per cent the surro-
gate included such judgment in his finding as to the liabili-
ties, and found that such percentage was due thereon.  Han-
nah Gill, as executrix, paid the percentage of the claim of
Eleanor Lauby, as executrix of Marie Allen, and discontinued
the proceedings on the consent of Eleanor Lauby thereafter
on April 22nd, 1904, and an order was entered to that effect.
No decree was entered on the account filed in this proceed-
ing, nor has Hannah Gill, as executrix, ever filed a final
account on which a decree has been entered.  She expressly
avers in her answer to the petition herein that the compulsory
accounting sought by Eleanor Lauby, as executrix, etc., was
limited to the claim held by her, and was never converted

into a general accounting or in any way made to affect or relate to any claim, right, title or interest except that of Eleanor Lauby as such executrix.

It thus appears that Hannah Gill, as executrix, has received $8,818.58 to pay the liabilities of $45,208.02, entitling each creditor of her late husband to the payment of nineteen and one-half per cent on his claim; that this situation was not ascertained, judicially, until December, 1903. It further appears that she advertised for claims in the latter part of 1897 and the early part of 1898, and paid out the entire personal estate to creditors presenting their claims by the month of May, 1898. It also appears that the claim against her husband's estate as a stockholder in the Harlem River Bank was not asserted against her as executrix until April, 1900, at which time she was substituted as executrix in the place of her husband, Robinson Gill, deceased. In a few days after the discontinuance of the accounting proceedings instituted by Eleanor Lauby, as executrix, the petitioner herein sought to set aside the order discontinuing such proceedings and to ascertain therein why he should not receive a dividend of nineteen and one-half per cent on account of his claim, or why said Hannah Gill, as executrix, should not be required to file another account of her proceedings as such executrix.

The respondent insists that the application to vacate and set aside the order discontinuing the Lauby special proceeding and permit the petitioner to intervene as a party was an appeal to the discretion of the surrogate, and that the denial of the application cannot be reviewed in this court. We do not deem it necessary to pass upon this question, as in our opinion the petitioner was clearly entitled to the alternative relief for which he prayed, to wit, that Hannah Gill, as executrix of Robinson Gill, deceased, should be required to file an account of her proceeding as such executrix. She has, according to her own statement under oath, disposed of her husband's entire estate in paying the claims of alleged creditors and has never proceeded to wind up the estate by final

accounting and decree. This being a conceded fact it is the absolute right of the petitioner, under section 2726 of the Code of Civil Procedure, to institute the proceeding for such accounting.

The petitioner, as receiver in the suit against the stockholders of the Harlem River Bank, is clothed with the authority, and it is his duty to collect nineteen and one-half per cent *pro rata* share due the creditors of the bank on the fifteen thousand dollars par value of stock held by Robinson Gill at the time of his death.

In the proceeding to be commenced on this petition of the receiver, Hannah Gill as executrix will be afforded a full opportunity of offering any defense she may have to the payment of the claim made against the estate of her deceased husband. The position assumed by the respondent on this appeal, that an estate can be paid out and wound up out of court and the creditors afforded no opportunity to scrutinize the proceedings of an executrix on a final accounting, has no foundation in law or equity.

The order of the Surrogate's Court of the county of Kings and the order of the Appellate Division affirming the same should be reversed, with costs to the appellant to abide the final award of costs, and an order entered in said Surrogate's Court granting the petitioner the alternative relief for which he prayed, requiring Hannah Gill, as executrix of the estate of her husband, Robinson Gill, to duly render an account of her proceedings therein with all convenient speed.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Orders reversed, etc.