In the Matter of the Judicial Settlement of the Account of DORA EBENSTEIN, Executrix of the Last Will and Testament of MAX EBENSTEIN, Deceased.

(Surrogate's Court, Bronx County, September, 1921.)

**Executors and administrators — accounting — where an executrix has knowledge of a claim against decedent's estate she is not relieved from liability therefor because the claim was not presented within a year — Code Civ. Pro. §§ 2678, 2682, 2688.**

Section 2678 of the Code of Civil Procedure must be read in connection with sections 2682 and 2688 of said Code.

More than a year after the grant of letters testamentary, a judgment for money loaned to decedent was rendered in an action brought against his executrix. By a compulsory accounting on petition of the judgment creditor it appeared that subject to commissions and expenses the executrix had on hand for distribution a balance of $1,540, but in an amended account which showed a deficit of $747.78 she charged herself with $3,429.50 and among other items credited herself with certain payments made to herself for expenses incurred during the last illness of her decedent and for alleged repairs to a coat and also with various payments to herself as sole legatee under the will, amounting to $2,735.72. The executrix even before the death of decedent was aware that petitioner, an aunt of decedent, had or alleged that she had some claim against the estate, and after she had been served with the summons and complaint in the action in which judgment was rendered against her, the executrix made a payment to her husband of $1,300. *Held*, upon allowing petitioner's claim, that while the executrix may not have known the exact amount of petitioner's claim she did know that she claimed to be a creditor of the estate, and having such knowledge she was not relieved from liability therefor because the claim was not presented within the year, and a motion to dismiss the proceeding on that ground will be denied.

The amended account will be surcharged with the amount paid by the executrix to herself as sole legatee, and the objections sustained to that extent, but the executrix having proved her claim against the estate for payments made to herself as a

Surrogate's Court, Bronx County, September, 1921. [Vol. 116.

creditor of decedent, the same are allowed with direction for their payment in full or *pro rata*, and costs allowed to the petitioner payable out of the estate.

PROCEEDINGS on the judicial settlement of the account of an executrix.

Meyer Greenberg (Simon Sultan, of counsel), for petitioner.

Edgar J. Treacy (Rolland R. Rasquin, of counsel), for respondent, executrix.

SCHULZ, S. Letters testamentary pursuant to the last will and testament of the decedent were issued to the respondent, the accounting executrix, on May 17, 1919. She did not file an inventory and did not advertise for claims against the decedent.

On July 30, 1920, a summons and complaint were served upon her in an action in which the petitioner, a creditor of the decedent, was the plaintiff, for money loaned to the decedent during his lifetime and a judgment was thereafter and on October 11 or October 13, 1920, rendered against her as executrix in the sum of $1,010.60 with costs and prospective fees amounting to the total of $1,076.25.

By a petition filed January 18, 1921, a proceeding was brought by the petitioner to compel her to render her account as such executrix, which resulted in an order directing the filing of an account by her. She failed to file her account as ordered, and thereupon an order to show cause was made directing her to appear and show cause why she should not be punished for her misconduct in failing to file the same. Pending argument on the motion based on the order to show cause, she filed an account in which she showed a balance on hand amounting to $1,540, to be

distributed to those entitled thereto, subject to the deduction of commissions and the expenses of the accounting. Objections were filed to this account which among other relief prayed that the executrix be required to file a supplemental account setting forth certain details relating to the items of her account as filed. Upon the hearing of these objections, the respondent, the accounting executrix, defaulted, and an order was thereupon made sustaining the objections, directing the filing of an amended account and directing her to appear for examination on a day therein stated. Thereupon she filed an amended account in which she shows a deficit of $747.78.

In this amended account she charges herself with the sum of $3,429.53, and among other items, credits herself in Schedule D with certain payments made to herself in the sum of $615, of which $415 are alleged to be for payments to herself for expenses incurred by her during the illness of the decedent and $200 is alleged to be for repairs to a coat. Under Schedule E she credits herself with various payments made to herself as sole legatee under the last will and testament of the decedent amounting to $2,735.72. All of the payments thus made and for which credit is claimed in Schedules D and E were made before the expiration of one year after the issuance of letters testamentary to her. The claim of the creditor who is the petitioner herein was not presented within one year of the date of the issuance of letters testamentary as aforesaid. A hearing was had, and at its conclusion, decision was reserved on a motion to dismiss upon the ground that the petitioner had no standing because he had failed to present his claim within one year after the issuance of letters.

The respondent did not file any accounting to which the petitioner was cited as a creditor, until the com-

pulsory proceeding now pending was brought by the latter.

While section 2678 of the Code provides that if a claim against a decedent be not presented to the executrix, if no notice to creditors be published, within one year from the date of issuance of letters, she shall not be chargeable for moneys that she had paid in satisfaction of lawful claims or of any legacies, that section must be read in connection with section 2682 of the Code, which provides that an executor or administrator shall not satisfy his own debt or claim out of the property of the decedent until proved to and allowed by the surrogate. And while the surrogate may have the right to ratify payments thus made, they should not be ratified under the circumstances here present. Again section 2678 must be read in connection with section 2688 of the Code which provides that no legacy shall be paid by an executor or administrator where no notice to creditors is published, before the expiration of one year from the time of granting letters testamentary or of administration unless directed by the will or by a decree on an accounting to be sooner paid.

It is urged that here no notice of the claim was given to the executrix until she was served with the summons in the court action which was some time after the expiration of one year after the issuance of letters testamentary, and hence that as the payment of the legacies after the expiration of the year and before notice of the claim would have protected her, the fact that she paid herself before the year was up, worked no hardship upon the petitioner and was a substantial compliance with the Code.

Whatever force there might be in that contention is destroyed by the fact that from the evidence it would appear that the respondent was aware that the

petitioner had or alleged that she had some claim against the decedent. Among the papers in the copy of the judgment roll in the Municipal Court action, which was received in evidence by consent in lieu of the original, is an affidavit of the respondent submitted upon an application to open a default in that action which contains the following: " I know that my husband before his death made some payments to the plaintiff on account of the debt that he owed her. After my husband's death, the plaintiff said that there was $300 due her. Now she asks for $800." This clearly shows that even before the decedent's death, the respondent knew that the decedent owed the petitioner some money, and, assuming her statement to be true, she was advised after her husband's death that the amount was $300.

Again it appears that the amount of $2,735.72 was made by her to herself in six payments as follows: May 26, 1919, $77.62; June 30, 1919, $1,000; October 22, 1919, $500; January 5, 1920, $500; April 22, 1920, $158.10; April 26, 1920, $500. She testified that the check from herself as executrix to herself as legatee in the sum of $1,000 was deposited by her in the Dry Dock Savings Bank, and that the account stayed in that bank until October 22, 1920, which it will be observed was after the date when the summons was served upon her as appears also from the fact that her answer in the action was verified by her on August 3, 1920. True she had already paid the amount to herself as legatee, but the reasonable exercise of good faith would have seemed to require that she should not have disposed of it until the claim of which she was then advised had been adjudicated. It also appears that she has since remarried and that she gave her husband the sum of $1,300, and that such payment was made after she had been served with the summons aforesaid. I cannot escape the conviction

that while she may not have known of the exact amount of the claim of the petitioner, she did know that the latter claimed to be a creditor in some amount. This I think is strengthened somewhat by the fact that the petitioner is not a stranger to her, but was the aunt of her husband. It further appears from the affidavit of Meyer Greenberg, included in the judgment roll in evidence and interposed on the motion to open the default in the Municipal Court action hereinbefore alluded to, that as early as the 17th day of September, 1919, and about four months after the date of issuance of letters testamentary upon the decedent's estate, a judgment was rendered in an action brought against the respondent and another person, the subject matter of which included the debt of the decedent here involved, which judgment was thereafter reversed for some reason not affecting the liability of the decedent. The allegations of this affidavit apparently were not denied in the Municipal Court action and have not been controverted before me. If they are true, they also tend to show that the respondent was aware of a claim or demand by the petitioner against the decedent about four months after the issuance of letters to her.

If she knew of the claim, then she is not relieved from liability therefor by reason of the failure of the claimant to present his claim. In *Matter of Gill,* 199 N. Y. 155, 157, where a notice to creditors was published and the claim was not filed, the court said: " We concur in the ruling of the courts below that the failure of the respondent to present his claim in answer to the advertisement published in pursuance of the provisions of the statute, did not relieve the executrix from liability to him, even though she had distributed the whole estate. The protection afforded by the statute is only where the executor or adminis-

trator distributes in good faith." See also *Matter of Recknagel,* 148 App. Div. 268.

In the pending matter, the respondent knowing of the claim of the decedent under the judgment never filed an accounting until forced to by the petitioner after proceedings for contempt had been brought as stated. Then she filed an account showing a balance sufficient to pay the claim and subsequently an amended account showing a deficit. Her whole action in the matter has been characterized by a dilatoriness which leads to the suspicion that there has been an absence of good faith. This is strengthened by the evidence which leads me to the conclusion that she was aware of the claim of the creditor before any payments were made to her as creditor or legatee. She should not be allowed to prevent payment by paying her own claims as creditor first without authority of the court, and by paying the residue to herself as legatee without having made an accounting and citing the petitioner who she knew claimed to be a creditor.

The motion to dismiss made at the end of the proceeding upon which decision was reserved, is denied, and an exception awarded to the respondent. *Matter of Gill,* 183 N. Y. 347. It does not appear clearly from the amended account whether or not the item of $2,735.72 includes the amounts paid by the respondent to herself for moneys expended during the illness of the decedent and for repairs to the coat hereinbefore referred to aggregating $615. From the list of the checks set forth in Schedule A, they would appear to be included in said amount, but from Schedule D and Schedule E, such would not seem to be the case, and this is borne out by the fact that in the summary statement it appears that such payments are credited in addition to those credited on account

of the legacy. Such being the case, the respondent will be surcharged with the sum of $615 (erroneously stated in the objections as $415) with which she credits herself as payments made to herself as a creditor of the decedent and being a part of the item set forth in the summary statement of her amended account under Schedule D, and she will also be surcharged with the sum of $2,735.72 with which she credits herself as payments made to herself as sole legatee and being the item set forth in the summary statement of her amended account under Schedule E, and the objections are sustained to that extent. Upon the hearing the respondent proved her claims against the estate for payments made to herself as a creditor of the decedent and the same are now allowed and a direction for their payment in full or *pro rata* may be incorporated in the decree. It appears that since her appointment the respondent has married and that her name now is Dora Hyman and all of the proceedings will be amended to show this fact.

Costs to be taxed are awarded to the petitioner payable out of the estate.

Decreed accordingly.