In the Matter of the Estate of THOMAS F. PURCELL, Deceased.

Surrogate's Court, New York County, August 13, 1930.

*Eisman, Lee, Corn & Lewine* [*Joseph J. Corn* of counsel], for the petitioner.

*Bertram L. Kraus* and *John R. Davies* [*John R. Davies* and *Mildred C. Mebel* of counsel], for Harriman National Bank and Trust Company.

FOLEY, S. The petitioner corporation, a creditor of the estate, seeks to compel the Harriman National Bank and Trust Company of the city of New York to file an account of its proceedings as executor. In April, 1929, a petition and an account were filed by the executor. On November 15, 1929, a decree was entered settling such account and directing distribution of the entire assets of the estate to the legatees named in the will.

The petitioner rests its right to compel an account at this time upon the fact that it was not a party to the former accounting proceeding and is, therefore, not bound by the decree settling the account or by the distribution which was made thereunder. No citation in such accounting proceeding was ever served upon the petitioner, nor did the petitioner sign a waiver of the issuance of citation, or appear therein.

The claim of the petitioner as a creditor of the estate is based upon a lease executed between the testator and the petitioner's assignors. This lease expires on or about May 1, 1932. By its terms the annual rental of the premises leased was to be paid by the testator in monthly installments. From the date of the testator's death until within a month after the entry of the final decree, the executor paid the regular monthly rental to the petitioner as landlord of the premises. The decree settling the account directed that the leasehold be distributed among the persons entitled thereto. Pursuant to such direction it was assigned and transferred to the general guardians of the infant residuary legatees, jointly with the guardian clerk of this court. Thereafter the general guardians continued to pay the monthly rental to the petitioner until the month of June, 1930. It is claimed that there is now due and unpaid to the landlord the sum of $961.01, of which $419.34 is for rent for part of the month of June, 1930, and the remaining $541.67 is for rent for the entire month of July, 1930. No provision was made in the decree directing retention of sufficient assets of the estate to protect the petitioner against any liability on the part of the general guardians for failure to carry out the provisions of the lease during the balance of the term.

I hold that the petitioner, as a creditor of the estate, is not bound by the decree of November 15, 1929, in the accounting proceeding, to which it was not made a party. Although it appears that the petitioner presented no claim against the estate, it is undisputed that the executor was at all times aware of the existence of the lease (which was listed in the schedules of the account as an asset of the estate) and was fully familiar with its terms. The failure of the petitioner to present its claim to the executor, who had actual knowledge of its continuing liability under the lease, did not relieve the latter from responsibility for failure to protect the claimant, even though the executor distributed the entire assets of the estate under a decree settling the account. (*Matter of Gill*, 199 N. Y. 155; *Matter of Recknagel*, 148 App. Div. 268; *Matter of Ebenstein*, 116 Misc. 543.) It is not discharged from liability as against this creditor merely because it advertised for the presentation of claims against the estate. In *Matter of Recknagel* (*supra*), which is directly in point, the court said: " * * * if an executor, having advertised for the presentation of claims, has personal knowledge of the existence of a claim against the estate of his decedent, even if it be not presented to him, and proceeds to procure a decree settling his account and decreeing distribution without citing the creditor, he does so at his peril and must account upon the petition of such creditor."

On behalf of the executor it is contended that the creditor is estopped to deny the validity of the decree (1) because all the proceedings of the executor were had with the full knowledge and consent of the petitioner and with its acquiescence; and (2) because the petitioner permitted the executor to divest itself of all the assets of the estate. Assuming these facts (which are controverted by the petitioner) to be true, they would have no effect upon the right of the petitioner to have its claim against the estate protected by an appropriate decree of the court. Sections 80 and 274 of the Surrogate's Court Act make a decree on accounting conclusive against all parties of whom jurisdiction is obtained, as to all matters embraced in the account and decree. Mere acquiescence would not be sufficient to give a court jurisdiction over a party where the requirements as to jurisdiction, definitely fixed by statute, have not been complied with. The rule was clearly stated by Chief Judge ANDREWS in *First National Bank* v. *Shuler* (153 N. Y. 163, at p. 170) as follows: " The rule which requires that all persons shall be made parties to an action, whose rights may be affected by the judgment, and without whose presence there cannot be a final and complete determination of the controversy, is not simply a rule of practice or convenience. It has been established in order to give finality to

litigation, and in the interest of justice, that the rights of persons shall not be jeoparded or embarrassed by judgments purporting to bind their rights or interests where they have had no opportunity to be heard."

The petitioner being an interested party, not cited, the decree settling the account as to it must be deemed to be void. The application is, therefore, granted.

Submit order on notice accordingly.