In the Matter of the Estate of LIBERTUS VAN BOKKELEN, Deceased.

Surrogate's Court, New York County, April 17, 1931.

*Joseph S. Johnson* [*Clarence F. Hussey* of counsel], for the temporary administrator.

*Patterson, Eagle, Greenough & Day* [*Carroll G. Walter* of counsel], for Charles A. Kennerly-Hall, Kenneth Stirling and the National Cold Storage Company, creditors.

*Davis, Polk, Wardwell, Gardiner & Reed,* for Royal Baking Powder Company.

*William J. McArthur,* for United States Fidelity and Guaranty Company.

FOLEY, S. Charles Auguste Kennerly-Hall and Kenneth Stirling, non-resident creditors of the decedent, on whose behalf this proceeding has been brought, seek to vacate a decree settling the account of Walter Van Bokkelen, as temporary administrator, on the ground that they were not made parties to the accounting proceeding in which the decree was made. They ask, in the alternative, that he be compelled to file a new account of his proceedings, in which citation should issue to all unpaid creditors of the decedent.

The claim of the petitioners is predicated upon a note for $125,000 executed by the decedent, which the respondent signed as indorser.

The decedent died on February 9, 1929. The respondent, Walter Van Bokkelen, a brother, was appointed temporary administrator on February 14, 1929. On February 19, 1929, an order was made upon the application of the respondent directing the publication of a notice for the filing of claims against the estate. On February 20, 1929, an order granting leave to the respondent to resign as

temporary administrator, revoking his letters of temporary administration, and directing him to file an account on or before July 15, 1929, was signed. On February 20, 1929, likewise, Frank J. Cox, a business associate of the respondent, was appointed temporary administrator in his place. Cox continued to act as such temporary administrator until May, 1930, when letters of administration were issued to Clara A. Van Bokkelen, the mother of the decedent.

It appears that on August 26, 1929, a formal proof of the claim of the petitioners was filed at the office of Joseph H. Johnson, attorney, at 25 Broadway, New York city, the place designated in the notice published by the respondent for the presentation of claims against the estate. The time to present such claims pursuant to the notice expired August 31, 1929.

In June, 1929, the respondent filed an account of his proceedings, together with a petition praying for the judicial settlement thereof. Neither in the petition nor in the account were the petitioning creditors nor any of the other creditors of the decedent named as interested parties, nor did citation issue to them. On October 7, 1929, a decree settling the account was signed.

It appears from the account that the respondent disbursed during the period that he acted as temporary administrator the sum of $70,399.19, and that he transferred to his successor property valued at $399,114.02. The petitioners allege that among the items paid out by the respondent were certain alleged debts of the decedent, and other sums which he was not authorized to pay and for which his account should be surcharged.

The account of Frank J. Cox, who was appointed temporary administrator in the place of the respondent, filed in August, 1930, discloses that there remains in his hands the sum of $6,499.05 in cash, and $27,005.05 of tangible personal property, upon the principal part of which his attorney claims an attorney's lien. This account also lists upwards of $500,000 in unpaid debts of the decedent, among which the petitioners' debt is included.

The respondent urges as grounds for denying the relief prayed for, that during the period of five days in which he acted as temporary administrator, no claims of creditors were filed with him, that the accounting proceeding was in its nature ancillary; that the decedent died a resident of Buenos Aires, Argentine Republic, where his principal place of business was located and at which place the principal estate of the decedent was administered; that the New York office acted in the guise of a clearing house for such business and as a branch office; that because the petitioners were foreign creditors it was proper for the respondent to presume that they would and should file their proof of debt in the place of the

domiciliary residence of the decedent; and that the status of the temporary administrator in New York was never more than that of a custodian or receiver of the assets of the estate.

These contentions of the respondent are without merit. I hold that, irrespective of the nature of the proceedings, whether ancillary or original, the petitioners are not bound by the decree settling the account of the respondent to which they were not made parties. The respondent was fully aware of the existence of the petitioner's claim against the estate by reason of the fact (1) that he was an indorser on the note due from the decedent to the petitioners; and (2) because of the presentation of the claim prior to the entry of the decree. (*Matter of Purcell*, 137 Misc. 727.) In *Matter of Recknagel* (148 App. Div. 268) the court said, " if an executor, having advertised for the presentation of claims, has personal knowledge of the existence of a claim against the estate of his decedent, even if it be not presented to him, and proceeds to procure a decree settling his account and decreeing distribution without citing the creditor, he does so at his peril, and must account upon the petition of such creditor." Moreover, the fact that the claim was presented subsequent to the filing of the account did not relieve the respondent from the duty of citing the creditors of whom he had knowledge prior to the entry of the decree. Supplemental citation should have issued to them.

The right of a creditor, even in ancillary proceedings, to appear and object to an account cannot be denied him. In *Matter of Meyer* (125 Misc. 361; affd., 216 App. Div. 735; affd., 244 N. Y. 598), which was a proceeding to compel the filing of an account of an ancillary executrix of an estate originally administered in Australia, I ordered the filing of an intermediate account, although decreeing that the assets of the estate be transmitted to the executrix to be administered in the court of domiciliary jurisdiction. What other means would a creditor, foreign or otherwise, have of protecting the assets of an estate than by an opportunity to appear and, in a proper case, object to the account of a representative? As pointed out in *Matter of Worch* (124 Misc. 380): " In ancillary administration, the recognition of the rights of foreign creditors and beneficiaries of the estate, and the distribution by decree of the local court are essentially in the discretion of the surrogate under the statutes and authorities of our State. We may, in special cases, direct a distribution of the New York property in the hands of our administrators among non-resident claimants." That question, however, has not yet arisen. The only question involved in this proceeding is as to the right of the petitioners, as well as of all other creditors now known to the respondent, to be made parties to the accounting of the

respondent.   The application will be granted to the extent of vacating the decree entered October 7, 1929, but only as to the petitioners and such other creditors as have appeared herein with leave to them to file objections to the account.

Submit decree on notice accordingly.