In the Matter of the Estate of FRANK S. HOGAN, Deceased.

Surrogate's Court, Bronx County, March 29, 1933.

*Taylor, Blanc, Capron & Marsh* [*Edwin W. Cooney* and *Elmer J. Hoare* of counsel], for the petitioners.

*Moses, Nehrbas & Tyler,* for the administratrix.

HENDERSON, S. This application to compel the administratrix to account is brought by the owners and landlords of three parcels of real estate who are creditors of the decedent by reason of leases thereof executed by one of them as a trustee, as landlord, and by the decedent, as tenant, under the terms of which various sums are now and will become due and payable to the petitioners. The respondent has filed no pleading or presented no paper other than a memorandum in opposition to the application. The allegations of the petition have not been controverted and must be deemed to be true for the purpose of this application. (Surr. Ct. Act, § 76.) The administratrix duly published a notice to creditors and thereafter petitioned for the judicial settlement of her account. No citation was issued and a decree settling the account and directing distribution of the balance was made and entered on April 12, 1930, upon the waivers and consents of the only next of kin other than the administratrix and of the surety upon the latter's bond. The account credited the administratrix with the payment of funeral and administration expenses, the payment of debts and taxes and with payments and delivery of property to decedent's next of kin. The petitioners were not made parties to the accounting proceeding, did not waive the issuance and service upon them of a citation therein and had no notice or knowledge of such proceeding until long after the entry of the decree therein. They concede in their memorandum submitted upon the present application that they did not present a claim against the estate. That the administratrix had actual, personal knowledge of the continuing liability under each lease is sufficiently evidenced by her inclusion of the three leases in the transfer tax proceeding and in the accounting proceeding. Having such knowledge, the administratrix is not relieved from liability for an accounting to the petitioners by their failure to present their claim to her. As to them the decree settling her account is void and not conclusive, for the court obtained no jurisdiction over them or their predecessors in title (Surr. Ct. Act, §§ 41, 80, 274), and they are entitled to the relief for which they petition. (*Matter of Purcell,* 137 Misc. 727.)

Application granted. Settle order on notice to the administratrix and to the attorneys who submitted a brief herein on her behalf, directing the administratrix to file her account and a petition for its judicial settlement within ten days after the service upon her of a copy of this order with notice of entry thereof, and to proceed promptly to such settlement.