In the Matter of the Estate of LEONARD A. SNITKIN, Deceased.

Surrogate's Court, New York County, April 3, 1934.

*Holman & Holman*, for the petitioner.

*Samuel Robert Weltz*, for the administratrix.

FOLEY, S. The application to vacate the decree of October 24, 1932, judicially settling the final account of the administratrix, is granted. The petitioner in this application is the administratrix of the estate of Abraham Goodman.

. Goodman and the decedent here, Snitkin, were partners in the practice of law under the firm name of Snitkin & Goodman. Certain professional services were rendered by the firm to the Sinaloa Exploration and Development Company. In 1924 the partnership was dissolved and by the agreement of dissolution Goodman acquired all the assets of the firm. The terms of the agreement are clear and explicit. Pursuant to them, Goodman, or his estate, became entitled to be paid the entire net proceeds of the claim against the corporation. The only contingency was the amount, which was based on the reasonable value of the services rendered. Goodman died in 1926. Before his death, and even before the dissolution of the firm, an action had been begun by the partners for the collection of their claim against the corporation. A receiver of the corporation was appointed in the domiciliary State, Delaware, and ancillary proceedings were likewise instituted in New York. A claim was filed in the ancillary receivership proceeding in New York by Snitkin, as surviving partner of Snitkin & Goodman, for the collection of the amount claimed to be due the firm. Snitkin died in 1929 and his wife, as administratrix, was substituted in his place as the claimant. As a result of the determination of the Supreme Court, New York county, in the ancillary receivership proceeding, the sum of $5,000 was awarded to the administratrix, as claimant, subject to the deduction and payment of certain liens against the amount of the award. After the deduction of attorneys' fees and the amount of a claim asserted as a lien upon the fund, the net proceeds — $1,833.33 — were brought into the final accounting of the administratrix and were distributed *pro rata* to the various creditors of the Snitkin estate under the decree sought to be vacated here. The estate was insolvent and the dividend to the creditors

amounted to slightly less than fifty per cent of the amount of their proven or admitted claims.

The administratrix of the Goodman estate was not cited, nor did she appear in the accounting proceeding. She did not file any proof of claim with the administratrix in the Snitkin estate, although publication of a notice requiring presentation of claims was made under an order of this court. This circumstance, however, was immaterial if the administratrix of the Snitkin estate had personal, or actual, or constructive knowledge from the form of the claim, that the fund collected by her from the award belonged in whole or in part to the Goodman estate.

Where a representative of an estate lacks personal knowledge of a claim existing against the estate, and in good faith, after the publication of claims and issuance of citation in an accounting proceeding to the known creditors, distributes the assets under authority of a decree of the Surrogate's Court, he cannot be compelled to account upon the application of a delinquent creditor. Neither may the original decree of accounting be vacated nor personal liability be established against the administrator or other distributing representative of the estate. (*Erwin* v. *Loper*, 43 N. Y. 521; *Rosen* v. *Ward*, 96 App. Div. 262; *Matter of Mullon*, 145 N. Y. 98, 104.) Where the representative of the estate has actual or personal knowledge of the existence of a claim against the estate, and accounts and distributes without having cited the creditor, he may be surcharged with the amount of such claim. (*Matter of Recknagel*, 148 App. Div. 268; *Matter of Gill*, 183 N. Y. 347; *Matter of Gill*, 199 id. 155; *Matter of Mullon*, 145 id. 98; *Matter of Purcell*, 137 Misc. 727; *Matter of Shafran*, 143 id. 754, WINGATE, S.) The general rule applicable to such a situation is stated in *Matter of Gill* (199 N. Y. 155, at p. 157) as follows: " We concur in the ruling of the courts below that the failure of the respondent to present his claim in answer to the advertisement published in pursuance of the provisions of the statute, did not relieve the executrix from liability to him, even though she had distributed the whole estate. The protection afforded by the statute is only where the executor or administrator distributes in good faith. Here unquestionably she had knowledge of the respondent's claim, for she stated its existence in her account filed in proceedings taken against her by other creditors, and the distribution among those creditors was made on the basis of the existence of the respondent's claim. If she desired to avoid any liability to the respondent, *she could have cited him to appear on the accounting made by her.*" (Italics mine.)

The partnership liquidation agreement, as stated above, entitled

the Goodman estate to the payment of the net proceeds of the claim collected from the Sinaloa Company. There is no convincing evidence in the record in this proceeding that the administratrix knew the actual contents of the dissolution agreement. There is sufficient evidence, however, to show that her attorneys in the liquidation proceedings knew that the claim was one asserted by Snitkin as surviving partner, and that in such trust capacity he was obligated to account to his deceased partner's estate. The administratrix, when she succeeded her husband as claimant, was charged with this trust responsibility. The very form of the claim, therefore, established the possible interest of the Goodman estate in the proceeds collected. The duty rested upon the administratrix of the Snitkin estate to inquire as to the interest of the Goodman estate in the partnership asset. There was also imposed a duty upon the administratrix to cite the representative of the Goodman estate in the accounting proceeding. The omission to do so requires the reopening of the decree judicially settling the account.

Under the special circumstances, section 208 of the Surrogate's Court Act, which exonerates an executor or administrator who distributes in good faith after publication of notice of claims, or after the expiration of the statutory period of administration, affords no protection to the administratrix.

There is no evidence of lack of good faith by the administratrix of the Snitkin estate. She was undoubtedly actuated by honest motives, but acted in ignorance of the law. Most of the amount collected on the Sinaloa claim, approximately $1,600, was distributed to the general creditors of the Snitkin estate. The balance of less than $200 was paid under the decree upon her own personal claim which had been duly allowed by the surrogate. Although apparent hardship will result, a surcharge, under these circumstances, cannot be avoided, since the beneficiaries of the Goodman estate have been deprived of moneys to which they were lawfully entitled.

The primary liability for the payment of the amount found due falls upon the administratrix and the surety on her official bond. Opportunity for recoupment, however, from the over-payments erroneously made to the creditors should be afforded. In accordance, therefore, with the procedure approved by the Appellate Division, First Department, in *Matter of Recknagel* (148 App. Div. 268, 273) (see, also, *Matter of Droney*, 231 id. 674, and *Woodruff* v. *Claflin Co.*, 198 N. Y. 470), supplemental citation is directed to issue to and be served upon all the creditors of this estate who participated in the distribution of the partnership asset under the decree vacated here. After the return of the citation, the new

decree to be entered may direct payment by the administratrix of the moneys due to the Goodman estate. Creditors brought in by supplemental citation will be afforded a hearing. Unless good reason be presented for not so doing, the decree may contain a provision directing repayment to the administratrix by the creditors of the amounts received by them from the moneys belonging to the Goodman estate. Ample jurisdiction exists in the Surrogate's Court under the provisions of section 40 and the broad grant of equitable powers thereunder, to compel the creditors to pay back to the administratrix the amounts received by them from the trust funds. (*Matter of Droney*, 231 App. Div. 674; *Matter of Morris*, 134 Misc. 374, WINGATE, S.; *Matter of Raymond* v. *Davis*, 248 N. Y. 67, 72; *Woodruff* v. *Claflin Co.*, 198 id. 470.) Circuity and multiplicity of action will be thereby avoided.

I hold further that the liability of the administratrix cannot be extended beyond the net amount received by her, $1,833.33. The sum of $1,500, paid to her attorneys, was a proper deduction from the fund for the services rendered by them in the collection of the claim. The so-called lien of the third person, Green, in the sum of $1,666.66 cannot be made the basis of a surcharge against the administratrix of the Snitkin estate. This lien had been asserted prior to the final determination of the Supreme Court. Collection of the net amount which finally reached the hands of the administratrix could not have been accomplished without the satisfaction of this so-called lien. The receipt of Green was required by the receiver under the judicial decree of distribution. The administratrix was also justified in relying upon the written admission of her decedent, Snitkin, that the claim of Green was a valid one, particularly because of Snitkin's knowledge of the partnership business.

Submit decree vacating the decree and directing the issuance of a supplemental citation in accordance with the instructions of the surrogate.