In the Matter of the Estate of LIBERTUS VAN BOKKELEN, Deceased.

Surrogate's Court, New York County, July 16, 1935.

*Howard V. Miller* [*Carroll G. Walter*, of counsel], for the petitioner.

*Appleton, Rice & Perrin*, for the respondent.

DELEHANTY, S.   In this discovery proceeding the administrator of deceased seeks to recover an alleged overpayment to a creditor of this insolvent estate.   Respondent creditor was not paid by the petitioning administrator or his predecessors nor from any assets within this State or under the jurisdiction of this court.   The creditor received payment in the Argentine from assets located there.

Although original letters have been issued to petitioner, my colleague, Mr. Surrogate FOLEY, has already held that these letters are ancillary in nature as deceased was domiciled in the Argentine. (*Matter of Van Bokkelen*, 155 Misc. 289.)   The difference between domiciliary and ancillary administration is substantial.   Ancillary administration is purely local and is subordinate to the domiciliary administration.   It is limited to the assets found within the ancillary jurisdiction.   (Jessup-Redfield, § 525, p. 1024; § 528, p. 1031.) The basis for ancillary administration is the existence of assets within the jurisdiction which remain unadministered (Surr. Ct. Act, § 45, subd. 3; *Matter of Rogers*, 225 App. Div. 286; affd., 254 N. Y. 592.)

Neither this court nor an ancillary administrator appointed by

this court has jurisdiction over assets paid in the domiciliary jurisdiction to a creditor who subsequently brings them into this State. (*Matter of McCabe,* 84 App. Div. 145; affd., 177 N. Y. 584; *Townsend* v. *Pell,* 3 Dem. 367; Woerner American Law of Administration [3d ed.], § 159, pp. 555, 556.)

Since respondent received payment of its debt in the domiciliary jurisdiction from assets under the control of the domiciliary representative and of the courts of deceased's domicile, and since this court and the ancillary administrator appointed by it have no jurisdiction over the assets here sought to be recovered, this proceeding must be dismissed.

Even if jurisdiction over these assets were assumed, it is extremely doubtful whether recovery thereof from an overpaid creditor could be obtained in a discovery proceeding. There is no precedent for such procedure. The proper method for obtaining recoupment from an overpaid creditor is by (a) an accounting proceeding or (b) an action in equity to which all persons interested are parties. (*Matter of Killan,* 172 N. Y. 547; *Matter of Recknagel,* 148 App. Div. 268; *Matter of Snitkin,* 151 Misc. 118.)

Submit, on notice, order dismissing this proceeding and denying the motion to strike out the defenses set up in the answer of respondent.