S. Samuel Di Falco, S.
This is an application by a group of individuals who assert a status as distributees of the intestate to reopen the decree judicially settling the account of the administratrix. The petitioners were neither cited nor represented in the prior proceeding in which the distributable balance of the estate was divided among 26 nephews and nieces of the deceased. The proof now before the court establishes the status of the present applicants as distributees equal in degree with those persons already paid. As a result, the decree must be amended so as to direct distribution upon a basis of 28 rather than 26 shares.
The administratrix and the surety on her bond are, in the first instance, liable to the petitioners because of the failure to include them as persons entitled to participate in the distribution. It is equally clear, of course, that those individuals who have been paid amounts in excess of their just entitlement may be compelled to reimburse the estate in an amount equal to the excess they have received. Because all of them are now before the court on this application to reopen, an enforcible direction may be made in the decree requiring contribution to the fund required for the satisfaction of the shares of the petitioners. However, because of the fact that the collection of these moneys may be prolonged, the court will grant the application for immediate payment and retain jurisdiction to permit the administratrix to seek reimbursement from the other parties to the proceeding of their prorata shares of the award so made.
The program here outlined has had its counterpart in earlier cases. In Matter of Killan (172 N. Y. 547) an almost identical situation obtained. There, as here, payment had been made in good faith under the decree by the accounting fiduciary to persons who were shown on the later application to be disentitled to distribution. Pleading good faith in exoneration of his mistake the administrator there contended that he had acted in perfect honesty without knowledge of the existence of the later discovered distributees. The court pointed out that had the fiduciary cited all unknown distributees in the accounting proceeding, he would have acquired a complete defense against subsequent attacks upon the decree and so insured himself against any possible loss.
The court went on to say (p. 560): “ We hold that the petitioner was at liberty to invoke one of two remedies; he could *1081 require the administrator to account in this proceeding, or he might have summoned him and all the parties in interest into a court of equity for a like purpose. The prior accounting proceedings in no way concern the petitioner, as he will be entitled, if he succeeds in establishing his identity as a brother of the intestate, to her entire personal estate after debts and expenses of administration are paid. * * *
“ The administrator having entered and obeyed a decree of distribution that does not bind the petitioner cannot invoke it as a shield at this time. If he is subjected to loss by reason of this fact it is due wholly to his failure to avail himself of the protection which the law afforded him.” To like effect see Matter of Snitkin (151 Misc. 118); Matter of Van Bokkelen (156 Misc. 439) and Matter of Osnato (166 Misc. 618).
In Matter of Snitkin (supra, pp. 121-122), Mr. Surrogate Foley directed the issuance of supplemental citation to the persons who had benefited as a result of the mistake of the accounting party, stating: ‘ ‘ The primary liability for the payment of the amount found due falls upon the administratrix and the surety on her official bond. Opportunity for recoupment, however, from the over-payments erroneously made to the creditors should be afforded. In accordance, therefore, with the procedure approved by the Appellate Division, First Department, in Matter of Recknagel (148 App. Div. 268, 273) (see, also, Matter of Droney, 231 id. 674, and Woodruff v. Claflin Co., 198 N. Y. 470), supplemental citation is directed to issue to and be served upon all the creditors of this estate who participated in the distribution of the partnership asset under the decree vacated here. After the return of the citation, the new decree to be entered may direct payment by the administratrix of the moneys due to the Goodman estate. Creditors brought in by supplemental citation will be afforded a hearing. Unless good reason be presented for not so doing, the decree may contain a provision directing repayment to the administratrix by the creditors of the amounts received by them from the moneys belonging to the Goodman estate. Ample jurisdiction exists in the Surrogate’s Court under the provisions of section 40 and the broad grant of equitable powers thereunder, to compel the creditors to pay back to the administratrix the amounts received by them from the trust funds. (Matter of Droney, 231 App. Div. 674; Matter of Morris, 134 Misc. 374, Wingate, S.; Matter of Raymond v. Davis, 248 N. Y. 67, 72; Woodruff v. Claflin Co., 198 id. 470.) Circuity and multiplicity of action will be thereby avoided.”
*1082 It will not be necessary in this proceeding to cause the issuance of a supplemental citation inasmuch as all of the parties to the original accounting proceeding are before the court.
Submit decree on notice with provision for payment in accordance with the directions herein made.
Proceed accordingly.