S. Samuel Di Falco, S.
The claim of the City of New York in the total sum of $1,792 has been established. That sum was for hospital care furnished the decedent by the City of New York. The executor has rejected the claim for the reason that the bill was first sent to him by the city more than seven months after issuance of letters and after he had distributed the assets of the estate.
The decedent died on January 18, 1960 at Bird S. Coler Hospital, one of the hospitals maintained by the City of New York. He owned securities which he had directed his brokers to sell early in 1960, apparently at the request of city officials. The proceeds, in the form of a check in the sum of $4,743.54, were sent to him in care of the hospital property office but the decedent was not physically able to indorse the check and he died a few days later. The hospital delivered the check to the Public Administrator of the County of New York, who turned it over to the executor after he had qualified.
The decedent had no relatives within the State. His will was filed in this court on July 18, 1960, but a petition for its *768 probate was not filed until March 20, 1961 and it was admitted to probate on July 12, 1961, approximately 18 months after the decedent’s death. The city’s investigators appear to have checked the court records for an estate several times in the year 1960, but to have made no further check of the records until May, 1962.
Section 208 of the Surrogate’s Court Act protects a fiduciary who distributes all of the assets after the seven-month period only when he has made the distribution in good faith and without knowledge of claims of creditors. (Matter of Gill, 199 N. Y. 155, 157; Matter of Huscher, 251 App. Div. 156; Matter of Seife, 37 Misc 2d 863; Matter of Goldberg, 14 A D 2d 294.) Good faith requires the fiduciary to recognize claims of which he has actual knowledge and those of which he must be deemed to have knowledge because of information possessed by him which should reasonably lead him to knowledge of the claim. (Matter of Snitkin, 151 Misc. 118, 120-121; Matter of Ebenstein, 116 Misc. 543; Matter of Scadron, 34 Misc 2d 23.) Surrogate Foley referred to ‘ ‘ actual, or constructive knowledge ” of a claim as destructive of the protection which section 208 would otherwise grant. (Matter of Snitkin, supra.)
The executor testified that he had no knowledge that the Department of Hospitals had a claim against the decedent. He had not been in communication with the decedent for several years prior to the latter’s death. However, the records of this court reveal that in the petition for probate of the will, the executor alleged that the decedent “ died on January 18th 1960, at Bird S. C'oler Hospital, Welfare Island, New York City.” It is common knowledge that recipients of public welfare, who have financial ability to do so, are required by law to reimburse the welfare agency for assistance furnished them. The Administrative Code of the City of New York (§ 603-9.0) provides that if it shall be ascertained that one who has received care or treatment through the Commissioner of Hospitals has means of enabling him to reimburse the city, the Commissioner may maintain an action against him to recover the sums expended in such care and treatment. The Commissioner is under a duty to seek reimbursement from the estate of one able to pay.
The executor knew that the decedent died in a city hospital on Welfare Island. He knew that the decedent had assets in the form of a check that had been issued prior to his death. He knew that there could have been no payment of the hospital bill for the entire period up to the moment of decedent’s death. He should reasonably have known that with assets of nearly *769 $5,000, the city would claim reimbursement for cost of the care given to the decedent. The executor made no inquiry at all. He distributed to the sole legatee the sum of $1,500 less than four months after issuance of letters, the further sum of $1,000 six months after such letters, and the final amount seven months and two days after issuance of letters. Under these circumstances, charged with knowledge of basis for a claim by the city, the distribution cannot be said to have been made in good faith.
The executor is accordingly surcharged in the sum of $1,792 and will be directed by the decree herein to pay that sum to the objectant. The sole legatee has received assets which are in excess by $1,792 of the amount lawfully due him (Surrogate’s C't. Act, § 267). No relief has been demanded against him by the executor, and there has been no contention that the court should make any decree as against him.