In the Matter of the Estate of MICHAEL OSNATO, Deceased.

Surrogate's Court, Westchester County, February 11, 1938.

*Maurice Simmons*, for the Corn Exchange Bank Trust Company and Eva Josephine Osnato, as executors, etc., petitioners.

*Weil, Gotshal & Manges* [*John M. Lewis* of counsel], for William Osnato, individually and as administrator, etc.

*Nathan Rosenberg*, for the Huguenot Furniture Corporation.

*John J. Pheelan*, for Oppenheim Collins & Company.

*Emil Levitt*, for Hannah Newman, Lucy Schmaman, Rosa Kamzan, Jack Newman and Anna Levitt.

*Hardy, Stancliffe & Hardy*, for Camille Osnato.

MILLARD, S. This is an application for the opening and modification of a decree on accounting entered herein on December 18, 1936, to provide for the payment of Federal and State income taxes accruing since the date of the entry of said decree, and, for that purpose, directing a refund of overpayments made to the distributees of this estate, their creditors and assigns.

Testator died on June 15, 1932, leaving a will, admitted to probate on July 18, 1932. The petitioners are the executors and trustees named in said will. The executors accounted, and objections were filed thereto by the widow and sons of the decedent. Thereafter, by an agreement of compromise entered into by all of the interested parties, dated September 30, 1936, the objections were withdrawn and provision made for the payment of expenses and distribution of the balance of the estate among the various distributees. This agreement of compromise was approved by this court by order dated November 24, 1936. A decree judicially settling the account of the executors in conformity with said compromise agreement was entered on December 18, 1936.

After distribution was made the petitioning executors discovered that the estate had become liable for Federal and State income taxes amounting to approximately $3,471.61. These taxes arose by reason of a profit having been realized on the sale of certain securities. Upon this state of facts the executors contend that the distributees and the assignees and creditors of Michael Osnato, Jr., and William Osnato, have been overpaid, and that they should be directed to refund, *pro rata*, sufficient funds out of their respective distributive shares to liquidate these taxes.

The respondents contend that, since all the interested parties were before the court and entered into the compromise agreement hereinbefore referred to, and since a decree has been entered to that effect, the court should not modify the decree or direct them to refund any part of their distributive shares of the estate.

Counsel for the respondents, in his brief, has treated this application as an attempt to reform or rescind a contract. This phase of the law has no bearing upon the instant application. The question here is whether or not the court has the power to modify its decree and direct the refund by the distributees of a portion of the estate distributed to them and, if so, whether or not this case falls within the class wherein such relief should be granted.

Section 40 of the Surrogate's Court Act grants to the court certain equitable powers. Section 20, subdivision 6, gives the court power " To open, vacate, modify, or set aside, or to enter as of a former time, a decree or order of his court; *or to modify or resettle a decree or order of his court to conform its provisions to the decision in writing of the surrogate;* or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error, or other sufficient cause. The powers conferred by this subdivision must be exercised only in a like case, and in the same manner, as a court of record and of general jurisdiction exercises the same powers." The words " or other sufficient cause " confer upon the court sufficient discretion to warrant the exercise of such power in the case at bar.

The executors and trustees should have exercised greater diligence in ascertaining whether or not the estate was liable for any further taxes or debts before distributing the assets. However, the court does not feel that they were guilty of such a dereliction of duty as to amount to gross negligence. (*Matter of Snitkin,* 151 Misc. 118.) In Ruling Case Law (Vol. 11, p. 249) the duties of an executor or administrator are summarized as follows:

" An executor or administrator may distribute an estate notwithstanding the existence of liabilities which may possibly become debts, where there is no apparent likelihood of their becoming so, and, in the event of such liabilities becoming debts, may have recourse against the estate in the hands of the beneficiaries.

" Some of the authorities hold that whenever legatees have been paid their legacies, they will afterwards be bound to refund a ratable part, in case debts come in more than sufficient to exhaust the residuum after the legacies are paid. But the representative cannot compel legatees to refund the value of legacies delivered to them because the assets of the estate have proved insufficient to discharge its liabilities, unless he shows in addition that the deficiency was caused by debts which had not been presented to him, or that he had no notice or knowledge of such debts, or unless a depreciation in the value of the assets has unexpectedly occurred."

In the case at bar there is nothing to show that the beneficiaries have changed their position or that the funds sought to be recovered

have passed into the hands of *bona fide* purchasers, for value, except in so far as certain portions of the legacies of Michael and William Osnato have been assigned. In such case, it has been held that recoupment may be had by the representatives of the estate. (*Matter of Strasenburgh*, 148 Misc. 595; *Matter of Snitkin, supra.*)

This seems to be a case where the court should exercise the equitable powers conferred upon it. (Surr. Ct. Act, §§ 20, 40.) The prayer of the petitioners is granted to the extent that the decree entered herein on December 18, 1936, will be reopened and modified to provide for the payment of Federal and State income taxes accruing since the date of the entry of the said decree, and directing a *pro rata* refund from the distributees of said estate.

The petition is denied in so far as it affects the rights of assignees and creditors of the distributees of this estate.