Walter R. Hart, J.
This is an application by the administratrix of the estate of a deceased incompetent for an order *97 directing the Comptroller of the State of New York to pay over certain moneys on deposit. The fund arises out of the settlement of an action for personal injuries to the decedent, deposited with the City Treasurer and subsequently transferred to the State Comptroller. Decedent was an incompetent and confined to a State hospital from May 1, 1939 until his death on May 21, 1945. The application is opposed on the ground that the State has a claim against the funds for care, maintenance and treatment of the decedent, which exceeds the amount on deposit, and that it is entitled to set off its claim against such deposit.
No administratrix was appointed until September 28, 1956. Petitioner contends that the claim of the State is outlawed under subdivision 6 of section 24 of the Mental Hygiene Law. This section provides: “an action or proceeding by or in behalf of the state for care, maintenance or treatment under this section must be commenced within six years after the cause of action has accrued, and solely for the purpose of the availability of such period of limitation as a defense to any such action, the cause of action shall not be deemed to have accrued against the defendant in such action or proceeding until the patient for whose care, maintenance or treatment the action or proceeding is brought has died or been discharged from the institution.”
The sole question for determination is whether the six-year limitation began to run from the date of the death of the decedent or from the date of the appointment of a representative of the estate. Under the section above, the cause of action did not accrue until the death of the decedent insofar as the six-year limitation applies. It has been held that the term “ cause of action ” includes not only the right proper but the existence of a person by or against whom process can issue. A cause of action cannot accrue or exist unless there is a person in esse against whom an action can be brought, and the right of action enforced. (Edlux Constr. Corp. v. State of New York, 252 App. Div. 373, affd. 277 N. Y. 635.)
The claim of the Comptroller is not barred by the provisions of subdivision 6 of section 24 of the Mental Hygiene LaAV and such claim may be set off against the fund of the decedent. Since the claim exceeds the amount on deposit, the application of petitioner is denied.
Settle order on notice.