Feanoís X. Conlon, J.
The general guardians of the infant remainderman are also executors of the estate of the deceased life tenant. They, therefore, represent interests which are, presumptively, at least, conflicting. Stock issued as the result of a stock “ split” (without any addition to the capital account from capital surplus or earned surplus — see Matter of Lissberger, 188 Misc. 811, 189 Misc. 277, affd. 273 App. Div. 881; Matter of Strong, 198 Misc. 7, affd. 277 App. Div. 1157) and stock dividends, properly allocable to principal, may have been paid as income to the life tenant. The allocation of taxes, fees and other disbursements between principal and income may have unlawfully favored the life tenant. Securities may have been purchased at the request of the life tenant, or with her acquiescence (for the purpose of increasing the income payable to her), which could be the subject of successful objections on behalf of the remainderman, who would not be subject to the estoppel of the life tenant. These are only some of the possible conflicts of interest. Only a thorough examination of the account would reveal all of them. The very purpose of appointing an impartial special guardian, who does not possess the conflict of interest with which the general guardians are affected, is to make certain that the interests of the infant are adequately protected by one who has no other and possibly conflicting interest to represent.
The memorandum filed by the attorneys for the general guardians indicates that they are aware of the conflict of interests, for it concludes: 11 However, if the court feels that adversity of interest might exist, it is respectfully suggested that the guardian ad litem’s authorities and duties be confined to such items.” The court is unaware of any authority for dividing the representation of an infant remainderman between general guardians who represent a conflicting interest and a guardian ad litem. The suggested limitation of the guardian’s duties is, furthermore, of doubtful feasibility, from a practical standpoint.
*481 The authorities relied on by the general guardians are, as their language indicates, applicable only in the absence of an interest adverse to that of the infant.
The person designated to receive service is appointed special guardian, without any limitation as to his duties.
The balance of the motion is held in abeyance pending the filing of the special guardian’s report.
Submit order accordingly.