Joux J. Dillox, S.
In this accounting proceeding the court is required to fix and determine the reasonable value of attorneys’ fees and to make a determination with respect to the issue raised by the objections interposed to the account by the United States of America.
The decedent died intestate, a resident of Westchester County on June 27, 1955, and letters of administration were issued to the petitioner on August 1, 1955. Subsequent to the issuance of letters of administration, and on September 23, 1955 the State of New York filed a claim with the administrator for money owed by the decedent to the Unemployment Insurance Fund. On February 17, 1956 the United States Government filed a claim for social security and income taxes with the administrator for moneys which should have been withheld by the decedent. On December 14, 1956, approximately fourteen and one-half months after letters had issued, the administrator voluntarily paid both of the claims. Thereafter, and on December 21,1956, the United States Government filed an additional claim for withholding taxes with the administrator. The claims of the United States are in excess of estate assets even if the payment made to New York State were refunded.
The objections filed by the United States seek to have the State of New York, pursuant to section 267 of the Surrogate’s Court Act, pay the money received in satisfaction of its claim to the United States as a preferred creditor. Section 267 of the Surrogate’s Court Act in part provides as follows: “ If any creditor or any person interested in the estate has received *906 estate assets in excess of the amount determined on the settlement of the account to he lawfully due him the surrogate shall have power to direct in the decree repayment by him of such excess to the representative of the estate or otherwise as justice may require ’
The answer interposed by the State of New York recites that it is making a “ special appearance ” and alleges that: (1) the court does not have jurisdiction over the State of New York because it has not consented to be cited in this forum, and (2) the procedure set forth in subdivision 5 of section 570 of the Labor Law constitutes the sole and exclusive procedure for obtaining a refund of unemployment insurance taxes.
It is noteworthy that the “ special appearance ” and answer above referred to was filed on April 25, 1957 and that prior thereto and on April 5, 1957 the State of New York entered a general appearance in the within proceeding. Accordingly, the court determines that the alleged “ special appearance ” cannot now deprive the court of jurisdiction. In Irish Free State v. Guaranty Safe Deposit Co. (126 Misc. 269, 272) the court, in an opinion by Pboskatjeb, J., stated: ‘ ‘ The plaintiff has also urged that in view of its sovereignty no claim can be asserted against it by these interveners, which is in the nature of counterclaim, or affirmative relief. United States v. The Thekla (266 U. S. 328, 339) decides that where a sovereign comes into court, in the language of Mr. Justice Holmes, ‘ it so far takes the position of a private suitor as to agree by implication that justice may be done with regard to the subject-matter. ’ ” Likewise, in Fields v. Predionica I. Tkanica A. D. (263 App. Div. 155, 158) the court in a decision by Callahan, J., stated: “ A sovereign may waive his claim of immunity and subject himself to jurisdiction by a general appearance or by conduct on his part inconsistent with a special appearance.” In the instant case, the State of New York not only entered a general appearance, but it likewise presented its claim to the administrator and such claim was paid to it. Accordingly, the court determines that it has jurisdiction over the State of New York.
Section 212 of the Surrogate’s Court Act expressly provides that the “ debts entitled to a preference under the laws of the United States and the state of New York ” are to be paid first. United States Code (tit. 31, § 191) provides as follows: “ Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied
*907 The court accordingly determines that the claim of the United States is superior to the claim of the State of New York. (Matter of Lincoln Chair & Novelty Co., 274 N. Y. 353; Matter of Gruner, 295 N. Y. 510.)
The provisions of subdivision 5 of section 570 of the Labor Law are expressly limited to refunds and credits sought by an “employer” and, accordingly, would have no application to the present proceeding. Moreover, in Civil Aeronautics Bd. v. Modern Air Transp. (81 F. Supp. 803, affd. 179 F. 2d 622) the court in a decision by Coxb, Ch. J., disposes of the procedural question raised by the State of New York in this proceeding, in the following language (p. 806): “ The principle of exhaustion of administrative remedies applies only to private parties who have the right to resort to an administrative tribunal for relief, and who must exhaust their administrative remedy before resorting to the courts. This principle can have no application to a governmental agency in the enforcement of its rights; in such cases it may resort to any or all available remedies.”
Accordingly, the court directs the State of New York to repay the proceeds received by it from the administrator directly to the United States.
Attorneys’ fees and disbursements are fixed and allowed in the amount requested for all services rendered and to be rendered to and including the settlement of the decree to be made herein.
Settle decree.