Owen McGivern, J.
This is a motion by the general guardians of the infant defendant, John Gould McDonough, for their appointment as guardians ad litem for said infant herein. Opposition to this motion comes from the attorney who was designated to receive service of process in behalf of said infant and other infant defendants. The basis for this opposition is a claim that there may be a conflict of interest between the said infant and his mother’s estate, of which the general guardians were executors.
The action itself was brought for the judicial settlement of the account of a successor depositary of a fund which was to be distributed in varying manners dependent on various contingencies, the details of which are not pertinent to this motion. One of the depositors, who had interests in the income and principal of the fund, was Edwin Gould. He assigned his interests therein to his son, Frank W. Gould. The latter died in 1945, whereupon such interests became part of his residuary estate. A portion of such residuary estate was left in trust, with income payable to the said infant’s mother for life and with remainder to the infant. While she lived, the plaintiff paid a portion of *498 the income to the trustees under the Frank M. Gould will, and they in turn paid to the infant’s mother the net income of the trust.
The infant’s mother died in 1957 and thereupon the trust under said will for her benefit terminated. The account of the trustees of such trust was judicially settled by decree of the Surrogate’s Court, Nassau County, in 1959. Both the said infant and his mother’s executors were parties to the proceeding resulting in such decree. The executors are not parties to the instant action.
The designee claims that the interests of the infant as remainderman may conflict with the interests of his mother’s estate, since she was the life income beneficiary. (Matter of Gould, 9 Misc 2d 479.) This court adopts the position of the designee and denies the motion of the general guardians.
In the event that it should be determined herein that money has been paid out by plaintiff as income which should rightly constitute principal, to which the infant is entitled, the mother’s estate might be adversely affected. If the plaintiff should recover such overpayment from the testamentary trustees, the decree settling the latter’s account could be reopened (Matter of Osnato, 166 Misc. 618 [Surrogate’s Ct., Westchester County, 1938]). In that case executors were permitted to reopen a decree settling their accounts so as to enable them to recover from legatees their prorata share of taxes owing by the executors, of which they had not been aware when the decree was made. Accordingly, the contention urged by the attorneys for the general guardians that the decree settling the testamentary trustees is res judicata cannot be sustained.
There is thus a possible conflict of interest between the general guardians acting on behalf of the infant and their duties as executors of his mother’s estate. Such possible conflict is sufficient to bar their appointment as guardians ad litem (Matter of Gould, supra).