In the Matter of the Accounting of HAZEL B. GASS, as Administratrix of the Estate of LILLIAN I. BRANCHE, Deceased, Respondent-Appellant. STATE OF NEW YORK, DEPARTMENT OF MENTAL HYGIENE, Appellant-Respondent.

Fourth Department, January 7, 1965.

Louis J. Lefkowitz, Attorney-General (Winifred C. Stanley and Paxton Blair of counsel), for appellant-respondent.

John B. Mowry for respondent-appellant.

Per Curiam. The State of New York appeals from a decree disallowing a claim presented by it against the estate. In 1957 the decedent was committed to a State hospital and thereafter adjudicated by the Supreme Court to be an incompetent. The present administratrix was appointed committee of the incompetent's person and property. The latter consisted of some $5,600 in cash and a one-half interest in realty having a total estimated value of $10,000.

Section 24 of the Mental Hygiene Law has long provided that the mentally ill may be maintained and treated in State institutions conditioned upon payment therefor in amounts fixed by the Commissioner of Mental Hygiene. The amount so fixed may be at the reimbursement rate or in excess thereof and authority is granted to accept payments at less than such reimbursement rate but the acceptance of such lesser amounts " shall not be construed to release a patient, his estate, [or] committee * * * from liability for payment of the difference between the amount fixed, accepted or paid and the full reimbursement rates."

Pursuant to this statutory authority the Commissioner during the several years from 1957 to the death of the patient in June, 1961 annually fixed monthly reimbursement rates varying from $110 to $165. The adjusted rate was originally fixed at $60 monthly and this was subsequently increased to $75. The latter amounts were paid by the committee. The claim herein represents the difference between the fixed reimbursement rates and the amounts actually paid.

We agree with the Surrogate that there is no merit to the contention of the administratrix that the State by any of its actions, including the acceptance through the years of the lesser amount, is now estopped from asserting its claim for full reimbursement. The validity and constitutionality of this statutory enactment was upheld in Matter of Asker (284 App. Div. 712, affd. 309 N. Y. 983).

We do not agree, however, with the further conclusion of the Surrogate that the State waived or relinquished any of its rights because of its failure to file the claim with the committee or to object to her final account in that capacity. It appears that on November 20, 1961 an order was made by the Supreme Court judicially settling the final account of the committee. That account made no reference to any claim of the State, but notice of the proceeding was given to the Attorney-General. Shortly before the making of the Supreme Court order, however, and on November 8, 1961 the claim here under consideration was presented to the administratrix.

We conclude that such procedure was proper and that the State relinquished none of its rights by failing to present the claim to the committee. At that time section 1383 of the Civil Practice Act (now Mental Hygiene Law, § 112) provided that upon the death of the incompetent '' the power of the committee ceases * * * and the property of the decedent must be administered and disposed of as if a committee had not been appointed.'' The sum claimed by the State was not primarily a liability incurred by the committee. It was an amount due by statutory mandate from the incompetent, her estate or committee. The State may have had the right to assert its claim against the committee (cf. *Matter of Kohler,* 200 Misc. 506; *Matter of Guigues,* 64 N. Y. S. 2d 573) but its failure to do so did not constitute a waiver or abandonment of its claim previously presented to the administratrix (cf. *Matter of Keeling,* 148 Misc. 798).

The decree should be reversed and the matter remanded to Surrogate's Court of Oswego County for further proceedings in accordance with this opinion.

WILLIAMS, P. J., BASTOW, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Decree unanimously reversed, without costs of these appeals to either party, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.