■ In the Matter of the Estate of LENA OSADCHEY, Deceased. STATE OF NEW YORK DEPARTMENT OF MENTAL HYGIENE, Respondent; JOHN M. OSADCHEY et al., as Administrators of the Estate of LENA OSADCHEY, Appellants. —Appeal from an order of the Surrogate's Court, Cortland County, entered November 20, 1975, which allowed a claim of respondent in the amount of $33,266.49. The decedent, Lena Osadchey, remained as a patient at the Binghamton State Hospital from 1950 until her death in 1973. During this period the decedent had no assets or income, other than Social Security benefits, and thus made no more than minimum payments. On October 1, 1967 the decedent's daughter died, and eventually it was agreed that decedent was to receive 70% of the daughter's net estate. Following decedent's death the State of New York Department of Mental Hygiene submitted a claim based on a retroactive rate adjustment for the care and treatment of decedent since her admission. Pursuant to section 1809 of the Surrogate's Court Procedure Act, the administrators petitioned the Surrogate's Court to have the validity and enforceability of the claim determined. The Surrogate held that the department could make a retroactive adjustment in the rates charged Lena Osadchey for the six years prior to July 16, 1973, the date of her death. From this order the instant appeal ensued. Petitioners urge that the claim is invalid on the grounds that section 43.03 of the Mental Hygiene Law permits the commissioner to make adjustments in charges after reducing or waiving fees only if the assets discovered to exist were not disclosed because of fraud or negligence, and that the claim was for a period in excess of the six years from the date of service of the notice of claim. The Surrogate rejected both of these arguments and we concur with his judgment. The limitation of the commissioner's right of collection to cases of fraud or negligence contained in subdivision (b) of section 43.03 applies only to collections from a patient's spouse or parents and not from a patient or his estate. With regard to the patient or his estate, retroactive charges up to the full fee may be claimed against his assets without regard to amounts previously paid and even if there is no fraud or negligence. We cannot accept petitioners' attempt to distinguish subdivision (b) of section 43.03 from its predecessor, paragraph (b) of subdivision 9 of section 24 of the Mental Hygiene Law which contained virtually identical language and was construed to require full reimbursement *(Matter of Branche,* 22 AD2d 329). Nor can we agree with petitioners' contention that the tolling provisions of CPLR 210 do not apply to the filing of a claim against an estate pursuant to article 18 of the Surrogate's Court Procedure Act, and, therefore, the claim was barred by the Statute of Limitations. CPLR 210 (subd [b]) provides for a tolling period of 18 months following death where an "action" against a decedent is involved and CPLR 105 (subd [b]) states that an "action" includes a special proceeding. SCPA 1808 states that: "6. With respect to any limitation of time within which an action or proceeding may be brought * * * the presentation of a claim as provided in 1803 shall be deemed the institution of a special proceeding for the collection of the claim." Moreover, the Court of Appeals has also long held that the filing of a verified claim against an estate is " 'the commencement of a

special proceeding that [tolls] the Statute of Limitations'." *(Matter of Feinberg,* 18 NY2d 499, 506; *Matter of Schorer,* 272 NY 247, 250). Accordingly, the filing of a verified claim constitutes a special proceeding and the tolling provisions of CPLR 210 apply (see *Matter of Whitcher,* 230 App Div 239, 240; *Matter of Morris,* 45 Misc 2d 393, 395–396; see, also, Practice Commentary, Siegel, McKinney's Cons Laws of NY, Book 58A, SCPA 301, pp 305–306). We find no merit in any additional contentions. Order affirmed, with costs payable out of the estate. Koreman, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.