■   In the Matter of the Final Accounting of S. JAMES MATTHEWS, as Committee of DAISY E. STURM, Deceased. JOAN LONGENDYKE, as Administratrix of the Estate of DAISY E. STURM, Deceased, Appellant; S. JAMES MATTHEWS, as Committee of DAISY E. STURM, Deceased, Respondent.—Appeal from a judgment of the Supreme Court, entered November 24, 1975 in Ulster County, which approved the final accounting of S. James Matthews as committee of Daisy E. Sturm, and ordered Joan Longendyke, as administratrix of the estate of Daisy E. Sturm to pay S. James Matthews compensation and commissions and to pay the claims of the Department of Mental Hygiene for services rendered to the incompetent Daisy E. Sturm, all out of moneys in the hands of Joan Longendyke, as administratrix of the estate of Daisy E. Sturm. Otto Sturm died testate on July 25, 1970, survived by his wife, Daisy E. Sturm, an adjudicated incompetent, and Joan Longendyke, a daughter, as his only heirs at law. Otto Sturm's last will and testament left everything to his daughter, Joan Longendyke, appellant herein, who was also named executrix, and left nothing to his wife, Daisy Sturm. John B. Wilkie, Esq., as special guardian for Daisy E. Sturm, made no objection to the probate of Otto Sturm's will. On October 14, 1970 appellant was granted letters testamentary as executrix of Otto Sturm's estate, and on March 19, 1971 the assets of the estate of Otto Sturm were turned over to appellant as sole legatee of her father's will. On August 4, 1972, the respondent, S. James Matthews, was appointed committee of the incompetent Daisy E. Sturm, who was at that time a resident of Hudson River State Hospital in Poughkeepsie, New York. Respondent was authorized by Supreme Court to exercise his ward's right of election against Otto Sturm's estate (EPTL 5-1.1, subd [d], par [3], cl [B]). At that time and at all pertinent times thereafter, Daisy E. Sturm owned no other assets. On May 9, 1973 respondent filed and served upon appellant a notice of election pursuant to EPTL 5-1.1. On August 10, 1973 Daisy E. Sturm died a resident of the Hudson River State Hospital, without she or her committee ever having received her one-third elective share of the estate of Otto Sturm. On October 10, 1973 appellant was appointed administratrix of her mother's (Daisy E. Sturm's) estate. Subsequently, respondent as committee received a bill from the Department of Mental Hygiene, dated October 11, 1973, in the amount of $18,192.24 for services rendered to the incompetent up to and including the day of her death. On March 26, 1974 S. James Matthews, as committee of Daisy E. Sturm petitioned the Ulster County Surrogate's Court for an order to compel a final accounting of Joan Longendyke, executrix of the estate of Otto Sturm. Matthews' purpose was to obtain for the committee Daisy E. Sturm's elective share of Otto Sturm's estate, which she had elected to take prior to her death but had never received. On April 12, 1974 the Surrogate

of Ulster County signed an order compelling Joan Longendyke as executrix of the estate of Otto Sturm to file a final judicial accounting. On October 8, 1974 Joan Longendyke filed an accounting which made no provision for a distribution to the committee or estate of the late incompetent Daisy E. Sturm. On October 16, 1974 respondent filed objections to this final accounting contending that the committee was entitled to one third of Otto Sturm's estate, Daisy E. Sturm's statutory elective share. However, further proceedings in the accounting of the estate of Otto Sturm were stayed by the Surrogate (and no further proceedings have taken place) after appellant obtained an order to show cause why an order should not be issued removing S. James Matthews, as committee of the person and property of Daisy E. Sturm upon the ground that the committee's duties and authority had ceased with the death of the incompetent back on August 10, 1973. Appellant also sought an order compelling S. James Matthews, as committee, to file a final judicial account and to pay and turn over to her as administratrix of the estate of Daisy E. Sturm all money and property of the said incompetent remaining in his hands and requiring him to be personally charged with the costs of the proceeding. On July 29, 1975 respondent, as committee of the person and property of Daisy E. Sturm, was ordered to file a final account, which he did on August 14, 1975. Schedule F of the account sets forth the amount of $18,192.24, representing a claim of the Department of Mental Hygiene against the committee for the services rendered to the deceased incompetent during her life which had never been paid because Daisy E. Sturm had no tangible assets in her possession. Schedule G of the account sets forth the assets of the estate of Otto Sturm (apparently as they would have existed at that time had they not been distributed to Joan Longendyke as sole legatee under Otto Sturm's will), the committee contending that it was entitled to one third of those assets. On August 28, 1975 appellant as administratrix of Daisy E. Sturm's estate objected to schedules F and G. Schedule F was objected to on the ground that Daisy E. Sturm did not owe the Department of Mental Hygiene $18,192.24. Schedule G was objected to on the ground that the account of a committee should only pertain to funds actually collected by the committee during the life of the incompetent "and not to funds which he [the committee] might have collected but are now in the hands of the Administratrix of the Estate of Daisy E. Sturm". By decision of October 16, 1975 the objections of Joan Longendyke, administratrix of the estate of Daisy Sturm, were disallowed, and the committee's application for judicial settlement of its final account was granted in all respects. By the judgment herein appealed from the administratrix of the estate of Daisy E. Sturm was directed to pay the committee (1) $6.71 in commissions, (2) $1,500 as extra allowance and (3) $335.50 for the committee's expenses, i.e., surety bond premiums and costs incidental to court actions. The judgment also directed the administratrix of the estate of Daisy E. Sturm to pay the Department of Mental Hygiene the sum of $18,192.24. We are of the view that the judgment should be affirmed. Dealing first with preliminary matters, we find that Daisy E. Sturm's right of election was properly exercised. Respondent was authorized to make this election by Supreme Court (EPTL 5-1.1, subd [d], par [3], cl [B]); further, respondent alleges (without denials by appellant), that it has been found by a Justice of the Supreme Court in the course of these proceedings, which finding is not disputed, that respondent received from the Surrogate an extension of time to make the election in accordance with EPTL 5-1.1 (subd [e], par [3]). We also note that appellant does not dispute the validity of the claim of the Department of Mental Hygiene. This brings us to appellant's

main contention, which is that respondent's powers and duties ceased upon the death of his ward, that his only remaining duty is to account for assets actually in his hands, and that since he had no assets in his hands, no claims could be paid. In practical effect, appellant would require respondent and the Department of Mental Hygiene to bring separate proceedings against her as administratrix to satisfy their claims. Appellant's position rests on antiquated doctrine, enunciated in 1891 in *Carter v Beckwith* (128 NY 312, 320) which declared that the power of a committee *ipso facto* terminates upon the ward's death. While this rule is still valid as a general principle, it is no longer self-executing in its procedural operation. Thus, in *Matter of Kohler* (200 Misc 506), where, as here, the Department of Mental Hygiene demanded payment from the committee of an incompetent 13 months after the incompetent's death (as compared with a two-month lapse here), it was held that the claim was properly against and payable by the committee. The rule divesting the committee of authority upon the ward's death, it was said, "looks to the future but does not relieve the committee of the performance of obligations already incurred" *(id.,* p 509). This view has received approval in a similar case, *Matter of Branche* (22 AD2d 329, 331, revg on other grounds 40 Misc 2d 834), and is in our view, in addition to being sound, compatible with subdivision (b) of section 78.27 of the Mental Hygiene Law which provides that a committee shall be discharged where the incompetent dies "and it is made to appear to the court * * * that a committee is no longer needed". This statutory language clearly contemplates that a committee shall retain the authority to satisfy obligations which were payable during the incompetent's life. As in *Matter of Kohler (supra),* it is of no moment that a bill was received by the committee postmortem for, as noted, the obligations which it represented were incurred and became payable during Daisy E. Sturm's life. Having held that respondent's authority as committee continued, it follows that the allowances for commissions and expenses were proper, and it further appears that respondent should be reimbursed for his actual expenses on this appeal and the premiums necessary to maintain his surety bond. Accordingly, Special Term will be directed to entertain an application for such additional payments, limited as above described. Judgment affirmed, with costs, and matter remitted to Special Term for a determination of respondent's actual expenditures in connection with this appeal and premiums on surety bond, and for an order directing appellant, as executrix of the estate of Daisy E. Sturm, to pay such amounts as shall be determined. Greenblott, J. P., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.