■ In the Matter of the Final Accounting of S. JAMES MATTHEWS, as Committee of DAISY E. STURM, Deceased. JOAN LONGENDYKE, as Administratrix of the Estate of DAISY E. STURM, Deceased, Appellant; S. JAMES MATTHEWS, as Committee of DAISY E. STURM, Deceased, Respondent.—Motion by appellant for reargument granted, without costs, only to the extent that the fourth sentence in the last paragraph on page three of the slip opinion is amended to read as follows [54 AD2d 999, 1000, last two lines]: "We also note that respondent does not dispute the validity of the claim of the Department of Mental Hygiene." Motion by appellant in all other respects denied. Cross motion by respondent for reargument denied, without costs. Greenblott, J. P., Sweeney, Mahoney, Larkin and Herlihy, JJ., concur.

■ In the Matter of FRANK M. SPADA, SR., an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.—Respondent was admitted to the Bar by this court on December 13, 1966. Petitioner moves to confirm the report of the Referee which, based upon respondent's admissions, sustained the following charges of professional misconduct against respondent: two charges of neglecting the personal injury claims of two of his clients and of ignoring numerous requests and deceiving them as to the status of their claims, and a single charge of failing to co-operate with petitioner's Committee on Grievances in its investigation of three complaints concerning his professional conduct. In mitigation, respondent testified that his neglect of the personal injury matters occurred at a time when he was experimenting with drugs, which led to a period of hospitalization and therapy in 1974, and that he has since completed a program of drug rehabilitation. Respondent also testified that he is attempting to settle the malpractice claims brought against him by his former clients for his neglect. In addition, it appears that respondent voluntarily withdrew from the practice of law in January, 1975. The motion to confirm the Referee's report is granted. Under the circumstances present in this case, we conclude that respondent should be suspended from the practice of law for a period of three months and thereafter until the further order of the court. Upon any application for reinstatement, respondent shall be required to submit satisfactory medical evidence of his mental and physical capacity to resume the practice of law, as well as proof that he has made complete restitution, by way of settlement or otherwise, to the clients whose interests he neglected. Respondent suspended for a period of three months, the date of commencement to be fixed in the order to be entered hereon. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.