STATE OF NEW YORK, Appellant, v PAUL J. WHITNEY, as Attorney in Fact and as Executor of ROBERT J. TIMBERS, Deceased, Respondent.—Order unanimously reversed, without costs, and motion denied. Memorandum: The proper venue for this action is in Albany County. The State of New York sued defendant, Paul J. Whitney, as attorney in fact and executor of the estate of Robert J. Timbers, for medical care and treatment received by decedent Timbers while a patient at Gowanda Psychiatric Center during 1976-1977. The unpaid balance claimed for these services amounted to approximately $14,000. Defendant as executor of the estate rejected the State's verified claim prompting the State's suit in which Albany County was designated as the place of trial. On January 9, 1978 defendant served a demand for a change of venue either to Erie or Cattaraugus County, the counties where defendant was appointed executor and where the services had been rendered to decedent, and defendant's place of residence respectively. The reason for the motion for the change was respondent executor's contention that the State's claim was based upon a consumer credit transaction under CPLR 105 (subd [f]). The State timely served an affirmation opposing the motion stating that because the State of New York has its principal office in Albany County, that county is properly designated as the place of trial in the action. Thereafter, defendant moved for a change of venue and made the motion returnable in Cattaraugus County. The State cross-moved to retain venue in Albany County. Special Term in Cattaraugus County held that the State's affirmation is a nullity because it did not respond to the consumer credit transaction issue. We cannot agree. Where a defendant believes plaintiff has laid venue in an improper county, he must follow the procedures set forth in CPLR 511 (subd [b]) in order to change it. A written demand and motion were made by defendant in this case. The rule which governs in this case provides, however, that "Defendant may notice such motion to be heard as if the action were pending in the county he specified [Cattaraugus], unless plaintiff within five days after service of the demand serves an affidavit showing * * * that the county designated him [Albany] is proper" (CPLR 511, subd [b]). Once plaintiff files such an affidavit or affirmation, as was done here, the motion may only be noticed to be heard in the judicial district where the action is triable or in a county adjoining the proper county (CPLR 2212, subd [a]; 2 Weinstein-Korn-Miller, NY Civ Prac, par 511.04; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 511, C511:2, p 137). Consequently, the motion to change the venue was not properly made in Cattaraugus County.

We need not reach or determine the issue of whether the State's cause of action was based upon a consumer credit transaction and, therefore, whether the affirmation of the State is a nullity because those issues should not have been heard or determined by Special Term in Cattaraugus County in view of the State's objection and cross motion. The venue of this litigation is as originally laid in Albany County where the State has its principal office since, following service of a demand and a responding affidavit, more than 15 days have elapsed without a motion to change venue having been made in an appropriate county (2 Weinstein-Korn-Miller, NY Civ Prac, par 511.05). (Appeal from order of Cattaraugus Supreme Court—venue.) Present —Cardamone, J. P., Simons, Dillon, Hancock, Jr., and Witmer, JJ.