■ In the Matter of RACHEL J. ROLOSON, as Committee of CRESSIE RUGG, Appellant, v STATE OF NEW YORK, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered July 2, 1979 in Broome County, which denied a motion to judicially settle the final account filed by appellant. In 1955, Cressie Rugg, an incompetent, was admitted as a patient to the Binghamton State Hospital. After her admission, the Depart-

ment of Mental Hygiene established a partial reimbursement rate of $55 per month for her care and maintenance. The incompetent's husband paid this rate to the Department of Mental Hygiene from June 16, 1955 until his death in December, 1960. On June 29, 1961, Rachel Roloson, the incompetent's daughter, was appointed committee of the person and property of the incompetent. On September 20, 1961, the Department of Mental Hygiene notified Mrs. Roloson of the establishment of the partial reimbursement rate. The incompetent died on August 28, 1967, at which time she was the sole owner of a two-family house. On September 27, 1968, the Department of Mental Hygiene sent a verified claim to the estate of Cressie Rugg, in care of Rachel J. Roloson, in the amount of $14,687.28 for the balance due for the care and treatment rendered to the incompetent. On July 14, 1969, Mrs. Roloson, as committee, filed a partial account with the Supreme Court. On June 29, 1978, 11 years after the death of the incompetent, Mrs. Roloson, as committee, filed a final account. The account stated that the "total amount of the State Hospital bill due is $0" and that the amount claimed to be owing to the State Hospital is legally improper and barred by the Statute of Limitations. At the time the final account was filed, no representative of the estate of Cressie Rugg had been appointed. The Attorney-General, on behalf of New York State Department of Mental Hygiene, filed objections to certain matters raised in the final account of the committee and requested that any order rendered judicially settling the account of the committee direct that the balance of the moneys now held by said committee be deposited with the court, to be turned over to the administrator of the deceased patient's estate until a determination of the claim of the Department of Mental Hygiene could be made in the Surrogate's Court. Special Term correctly held that the Statute of Limitations has not commenced to run because a representative of the estate has not been appointed *(Matter of Cudahy,* 49 Misc 2d 668; *Flanagan v Fina & Co.,* 7 Misc 2d 96). Within 11 months after the death of the incompetent, the Department of Mental Hygiene filed a verified claim with the estate of the incompetent and thus timely commenced a special proceeding which is not barred by the Statute of Limitations *(Matter of Branche,* 22 AD2d 329). Under the facts herein, the Statute of Limitations has not yet commenced to run because a representative of the deceased incompetent's estate has not yet been appointed, or in the alternative, a verified claim was timely filed with the deceased incompetent's estate within the six-year period of the Statute of Limitations *(Matter of Feinberg,* 18 NY2d 499). Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Casey, JJ., concur.