OPINION OF THE COURT
James F. Crowley, S.
The deceased, Robert J. Timbers, a resident of the Village of Gowanda in Cattaraugus County, died at the Gowanda Psychiatric Center on March 1, 1977, having been a patient since February 27, 1976. Rev. Paul J. Whitney, Pastor of St. Joseph’s Roman Catholic Church, was handling the affairs of the deceased under a general power of attorney, which included the provision that the authority should continue in the event the principal became incompetent or physically incapacitated.
The Department of Mental Hygiene of the State of New York rendered a statement to Father Whitney in the amount of $14,401.51 for the care of Robert J. Timbers after his death and requested payment from the funds of the deceased which in effect became a part of his estate. Father Whitney properly concluded that his authority, as attorney in fact, had expired upon the death of his principal and offered for probate by this court, the last will and testament of Robert J. Timbers which named “The Pastor of St. Joseph’s Roman Catholic Church” to be the executor.
The beneficiaries included St. Joseph’s Church and possible unknown heirs. A citation was issued and published and service was duly made upon the Attorney-General of the State of New York.
*1013 Thereafter, the Department of Mental Hygiene presented its claim to Father Whitney as the executor in the same amount of $14,401.51. The executor asked for an itemization of the claim with credits for amounts received from the Veteran’s Administration, Social Security and Medicare. The Department of Mental Hygiene refused to substantiate and document its claim and upon refusal of the executor to pay the claim, instituted an action in the Supreme Court of Albany County. A motion was made by the estate, in the Supreme Court of Cattaraugus County, for a change of venue on the ground that the State’s claim was based upon a consumer credit transaction under CPLR 105 (subd [f]). The motion was granted but reversed by the Appellate Division on procedural grounds without discussing whether or not in fact the complaint alleged a consumer credit transaction. (State of New York v Whitney, 66 AD 2d 1029.)
Thereafter, several attempts at settlement of the claim failed and an application is now made by the executor to fix and determine attorney’s fees for services rendered to the estate in regard to the litigation. It is that matter now being decided.
The petition and exhibits clearly established that the attorneys for the estate have rendered services of a value beyond the amount of $7,000 which the court is asked to determine. In fact, the answering papers of the Department of Mental Hygiene offer no objection to the fees nor contradiction to the petition itself but stresses the point that perhaps there should be a statutory change for future situations.
Citing section 43.03 of the Mental Hygiene Law, the claimant argues that the executor should have paid the amount in dispute, immediately upon the death of the decedent. As authority for this solution the role of the attorney in fact is analogized to that of a committee of an incompetent. (Matter of Kohler, 200 Misc 506; Matter of Matthews, 54 AD2d 999.) The court there reviewed the rules governing the power of a committee at page 1001: “Appellant’s position rests on antiquated doctrine, enunciated in 1891 in Carter v Beckwith (128 NY 312, 320) which declared that the power of a committee ipso facto *1014 terminates upon the ward’s death. While this rule is still valid as a general principle, it is no longer self-executing in its procedural operation. Thus, in Matter of Kohler (200 Misc 506), where, as here, the Department of Mental Hygiene demanded payment from the committee of an incompetent 13 months after the incompetent’s death (as compared with a two-month lapse here), it was held that the claim was properly against and payable by the committee. The rule divesting the committee of authority upon the ward’s death, it was said, looks to the future but does not relieve the committee of the performance of obligations already incurred’ (id., p 509).”
We do not agree that the analogy is valid and if such a rule is to be declared, it must be done by the Legislature. It is well settled that the authority of the agent ceases upon the death of the principal. To avoid future problems of this nature it would be helpful for an amendment to be made to the General Obligations Law which would authorize an agent operating under a power of attorney to make payments of obligations of the principal incurred prior to the death of the principal without obligation or liability to the agent for acting.
The relief requested in the petition should be granted and the executor authorized to make payment to Kysor & Della Posta, the. attorneys for the estate, the sum of $7,000 as and for their fees which the court hereby fixes and determines and also disbursements in the sum of $136.91. In addition the executor should proceed with the administration of the estate in accordance with the determination which has been made herein and pay to the Department of Mental Hygiene of the State of New York whatever sum is remaining after payment of the above fees and disbursements from the assets of the estate, in exchange for appropriate releases to settle the affairs of the estate, including the action pending in the Supreme Court of Albany County.