OPINION OF THE COURT
C. Raymond Radigan, J.
The application by Evelyn Sienkwicz as administratrix for the judicial settlement of her final account is disposed of as follows.
Examination of this account reveals a balance on hand of $14,001.85 subject to the fiduciaries’ commissions, unpaid counsel fees and disbursements, and a claim filed on behalf of the Office of Mental Health of the State of New York in the amount of $2,054.54. The Office of Mental Health has filed an objection to the account seeking in addition the allowance of its further claim of $46,683.47. This sum represents reimbursement for the care and maintenance of the decedent prior to her death. It is thus seen that the establishment and allowance of this additional claim will result, in the entire net estate falling to this creditor. At a pretrial conference a hearing was waived and the parties have consented that the matter be submitted for decision on the papers presented. It was also agreed at that conference that the attorney for the estate would submit a *412 detailed affidavit of services, and if there be any objection thereto, such would be voiced by further affidavit. The court has not received any objection to the itemization of counsel’s services.
Turning then to the matter of the claim of $46,683.47, it is acknowledged that the decedent did actually receive the care and maintenance described in the bill submitted by the Office of Mental Health. It is also without dispute that during the period of the hospitalization at issue (Feb. 23, 1978-Dec. 27, 1979) the now deceased was without significant cash resources, that the State was aware of the facts surrounding the patient’s finances, and at the time it did undertake to bill the patient at less than maximum approved reimbursement rates. Increased retroactive billing has been accomplished only following the patient’s death. The gross assets comprising this estate emanate primarily from the subsequent sale of decedent’s realty. Against these facts the fiduciary asserts that the choice of the Office of Mental Health to bill the patient at a rate less than full reimbursement constitutes a statutory waiver from which it should not be relieved. The court cannot agree with the fiduciary’s interpretation of section 43.03 of the Mental Hygiene Law. While it is true that subdivision (b) of this section authorizes the commissioner to reduce or waive fees, it expressly provides further that: “acceptance of less than the full fee or the waiver of a fee or any part thereof shall not be construed to release a patient, his estate, committee or guardian”.
It is thus seen that the waiver recognized by statute does not constitute a final or absolute release. The limitations upon the commissioner’s ability to recover absent a showing of fraud or negligence (Mental Hygiene Law, § 43.03, subd [b]) pertain only to collection from a patient’s parent or spouse, a circumstance not here presented (Matter of Osadchey, 53 AD2d 960). Accordingly, the court finds the Office of Mental Health is not precluded from retroactively seeking reimbursement and the claim, which concededly reflects the charges for care received, is allowed. The court has examined the affidavit of services submitted by the attorney for the administratrix and approves the fees as requested plus unpaid disbursements of $226.75. The com *413 missions claimed by schedule H of the account are not the subject of dispute and are approved subject to audit.