OPINION OF THE COURT
Bernard L. Reagan, J.
The executor of the estate, Ralph J. Balducci, has petitioned this court for judicial settlement of his accounts. To be presently determined in connection therewith is the validity of a claim by the New York State Office of Mental Health which has been rejected by the executor. This presents purely a question of law since the parties are in agreement as to the facts.
Helen E. Swind, the decedent, was an inpatient at Hutchings Psychiatric Center (Hutchings) in Syracuse, New York, from August 21, 1979 to November 7, 1979. Although the established per diem rate for the services she received was $79.80, based on an evaluation of her assets subsequent to her discharge, she was only in fact charged $29.02 per day. Claimant billed Mrs. Swind in the amount of $2,292.58, computed at the lower rate, and the decedent paid this sum.
On December 27, 1980 Mrs. Swind died and letters testamentary were granted to Ralph J. Balducci by this court on December 31,1980. On or about October 29, 1981 the Office of Mental Health presented its claim for pay *424 ment at the established rate of $79.80 per day, for a total of $6,304.20. Less the previous payment of $2,292.58, this results in a net claim of $4,011.62.
The claimant maintains it is entitled to collect this sum pursuant to subdivision (b) of section 43.03 of the Mental Hygiene Law, which provides: “(b) The commissioner may reduce or waive fees in cases of inability to pay or other reason. If the commissioner discovers that assets existing at the time of determination were not disclosed because of fraud or negligence, the department may collect the difference between the amount paid and the actual cost of services. The acceptance of less than the full fee or the waiver of a fee or any part thereof shall not be construed to release a patient, his estate, committee or guardian, the trustee of a fund established for his support, or any fiduciary or payee of funds for or on behalf of a patient from liability for payment of the full fee.”
The estate disclaims liability on two grounds: firstly, there has been no proof of fraud or negligence of the decedent; and secondly, the decedent was not a patient at Hutchings at the time of her death.
The third sentence of subdivision (b) of section 43.03 clearly grants the claimant the right to seek a retroactive rate adjustment from the estate. The limitation in the second sentence of subdivision (b) of section 43.03 to cases of fraud or negligence applies only to collections from a patient’s spouse or parents and not from the patient or her estate (Matter of Osadchey, 53 AD2d 960). The executor argues Osadchey (supra) is distinguishable because therein the patient had an increase in assets due to receipt of an inheritance during her period of treatment, whereas in the present case the patient’s finances remained essentially the same from the time of her financial disclosure until her death. There is nothing on the face of the statute to justify such a distinction; and a consideration of the purpose of the statute leads to the same conclusion. The claimant is correct in its assertion that the rationale behind the allowance of lower fees pursuant to subdivision (b) of section 43.03 of the Mental Hygiene Law is to avoid depleting a patient’s assets to the point of forcing him or her onto public assistance. Once the individual has died, how *425 ever, and the claim is being made against the estate, the reason for the fee reduction no longer exists. Whether the assets in the estate were accumulated before or after financial disclosure to the Office of Mental Health is simply irrelevant.
As a second ground for disclaiming liability, the executor points out that all of the cases cited by the claimant — (Matter of Osadchey, supra; Matter of Gnerre, 87 Misc 2d 700; and Matter of Branche, 40 Misc 2d 834, revd on other grounds 22 AD2d 329) — involve situations in which the decedent died while a patient in a State hospital. In this case, Helen E. Swind died more than a year after her discharge from the State facility. But this is a distinction without a difference. Again, once the patient or former patient has died, the policy reason for charging or having charged at the lower rate disappears, and the Office of Mental Health is entitled to seek reimbursement at the full retroactive rate from the estate.
Both contentions of the estate are without merit. The claim in the amount of $4,011.62 is allowed.